IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 13-00219 HG |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES H. FOSTER, (01) | ) | |
| JOHN GARCIA IV, | ) | |
| (02) | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER RULING ON ADMISSIBILITY OF RULE 404(b) EVIDENCE AT TRIAL
AND
DENYING DEFENDANT FOSTER'S MOTION IN LIMINE (ECF No. 133)**

Defendants Charles Foster and John Garcia have been charged,
in a four count Superceding Indictment, with distribution, and
conspiracy to distribute, illegal drugs.  The Court addresses the
following evidentiary issues:

(1) The Government's filing of a notice of intent, pursuant
to Fed. R. Evid. 404(b), to present evidence regarding two
controlled drug purchases between a confidential informant and
Defendant Foster that occurred a few weeks prior to Defendant
Foster's arrest.  Defendant Foster has filed a Motion in Limine
(ECF No. 133) to exclude this evidence.

(2) The Government's filing of a notice of intent, pursuant
to Fed. R. Evid. 404(b), to present Defendant Foster's prior
conviction, by jury, for distributing the dangerous drug of
cocaine committing the offense of Promoting a Dangerous Drug in

the Second Degree, in violation of Section 712-1242(c) of the Hawaii Revised Statutes.

(3) The Government's filing of a notice of intent, pursuant to Fed. R. Evid. 404(b), to present Defendant Garcia's prior conviction, by guilty plea, of knowingly possessing the dangerous drug of methamphetamine committing the office of Promoting a Dangerous Drug in the Third Degree in violation of Section 712-1243 of the Hawaii Revised Statutes.

(4) The Government's filing of a notice of intent, pursuant to Fed. R. Evid. 404(b), to present evidence of acts that occurred  subsequent to Defendant Foster's arrest, and a few weeks after his release from custody, regarding illegal drug sales.          For the reasons set forth below, the Court rules as follows:

(1)  The evidence regarding two controlled drug purchases between a confidential informant and Defendant Foster that occurred a few weeks prior to Defendant Foster's arrest is **ADMISSIBLE.**  Defendant Foster's Motion in Limine (ECF No. 133) is **DENIED.**

(2)  The evidence regarding Defendant Foster's prior conviction, by jury, for distributing the dangerous drug of cocaine committing the offense of Promoting a Dangerous Drug in the Second Degree in violation of Section 712-1242(c) of the Hawaii Revised Statutes is

**ADMISSIBLE.**

(3) The evidence regarding Defendant Garcia's prior conviction, by guilty plea, of knowingly possessing the dangerous drug of methamphetamine committing the office of Promoting a Dangerous Drug in the Third Degree in violation of Section 712-1243 of the Hawaii Revised Statutes is **ADMISSIBLE.**

(4) The evidence of acts that occurred subsequent to Defendant Foster's arrest, and a few weeks after his release from custody, regarding illegal drug sales, described on pages 8 and 9 of the Government's Trial Brief, is **ADMISSIBLE.**

## PROCEDURAL HISTORY

On March 6, 2013, a grand jury returned a four count Indictment as to Defendants Charles Foster, John Garcia, and Chrystyan Burke. (ECF No. 24.)

A jury trial was originally set for May 7, 2013. (ECF No. 29.)

On April 23, 2013, by stipulation of the parties and Order of the Court, the trial date was continued to November 5, 2013. (ECF No. 38.)

On May 6, 2013, The Magistrate Judge approved release of Defendant Foster from custody on a $50,000 unsecured bond (ECF

No. 41) and issued an Order, dated May 7, 2013, setting his conditions for release.  (ECF No. 44.)

On October 2, 2013, Defendant Foster moved to continue the trial date because he had newly appointed counsel.  (ECF No. 63.)

On October 8, 2013, the Court entered an Order continuing the trial date to March 4, 2014. (ECF No. 66.)

On January 10, 2014, the Government filed a Notice of Intent to Use 404(b) Evidence at the March 4, 2014 trial as to Defendant Foster regarding his prior conviction, by jury, for distributing cocaine.  (ECF No. 82.)

On January 10, 2014, the Government filed a Notice of Intent to Use 404(b) Evidence at the March 4, 2014 trial as to Defendant Garcia regarding his prior conviction, by guilty plea, of promoting a dangerous drug in the third degree.  (ECF No. 83.)

On January 22, 2014, the Court granted Defendant Foster, Garcia, and Burke's motion to continue trail and entered an order continuing the trial to July 1, 2014. (ECF No. 90.)

On May 12, 2014, Defendant Burke pled guilty to all counts against him in the Indictment.  (ECF No. 95.)

On May 22, 2014, a grand jury returned a four count Superceding Indictment as to Defendants Charles Foster and John Garcia.  (ECF No. 99.)

On May 28, 2014, the Court, pursuant to counsel's request and agreement, continued the trial to September 16, 2014.  (ECF

No. 103.)

On August 13, 2014, the Court, upon the Defendants' joint oral motion, continued the trial to December 2, 2014. (ECF No. 111.)

On August 19, 2014, Defendant Foster filed a response to the Government's Notice of Intent to Use 404(b) Evidence regarding his prior conviction, filed January 10, 2014. (ECF No. 114.) The response was timely as to the December 2, 2014 trial date.

On August 19, 2014, Defendant Garcia filed a response to the Government's Notice of Intent to Use 404(b) Evidence regarding his prior conviction, filed January 10, 2014. (ECF No. 113.) The response was timely as to the December 2, 2014 trial date.

On November 7, 2014, the Court, upon the Government's motion, continued the trial to December 9, 2014.

On November 10, 2014, the Government filed a Notice of Intent to Use 404(b) Evidence as to Defendant Foster, regarding two controlled drug purchases between a confidential informant and Defendant Foster. (ECF No. 135.)

On November 10, 2014, Defendant Foster filed a Motion in Limine to exclude the evidence regarding two controlled drug purchases between a confidential informant and Defendant Foster. (ECF No. 133.)

On November 10, 2014, the Government filed its Trial Brief. (ECF No. 136.) In the Trial Brief, the Government states that it

intends to introduce evidence, through testimony of a co-conspirator, of acts that occurred subsequent to Defendant Foster's arrest and release from custody.

On November 24, 2014, the Court held a final pre-trial conference at which the parties presented arguments concerning the Rule 404(b) evidence.

**BACKGROUND**

**Superceding Indictment**

The Superceding Indictment charges Defendants Foster and Garcia with four counts:

> Count 1: On or about February 14, 2013, Defendants Foster and Garcia did knowingly and intentionally possess with intent to distribute fifty grams, or more, of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).
>
> Count 2: On or about February 14, 2013, Defendants Foster and Garcia, did knowingly and intentionally possess with intent to distribute a mixture or a substance containing cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).
>
> Count 3: On or about February 14, 2013, Defendants Foster and Garcia did knowingly use and carry a firearm in furtherance of a drug trafficking crime in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).
>
> Count 4: From September 2012 to on or about February 14, 2013, Defendants Foster and Garcia, together with Hien Nguyen a.k.a. "Christine", Sheldon Koyangai and John Penitani, did willfully and

unlawfully conspire to distribute 500 grams or more
        of methamphetamine and cocaine in violation of Title
        21 U.S.C. Sections 846, 841(a)(1), 841(b)(1)(A) and
        841(b)(1)(C).

(ECF No. 99.)


## **LEGAL STANDARD**

### **Fed. R. Evid. 404(b)**

Federal Rule of Evidence 404(b) prohibits the admission of evidence of a crime or other bad acts to show a defendant's criminal propensity. Fed. R. Evid. 404(b)(1). Evidence of prior bad acts may be admissible for other purposes, such as proving motive, intent, knowledge, or absence of a mistake or accident. Fed. R. Evid. 404(b)(2).

Evidence of prior bad acts is admissible for a proper purpose if: (1) the evidence tends to prove a material point; (2) in cases where knowledge and intent are at issue, the act is similar to the offense charged; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the prior act is not too remote in time. United States v. Vo, 413 F.3d 1010, 1017-18 (9th Cir. 2005)(internal quotations admitted). The district court must then determine if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant, pursuant to Federal Rule of Evidence 403. Id.

The Government has the burden of proof on all of the

requirements. <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 602–03 (9th Cir. 1993). It must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982).

**Fed. R. Evid. 403**

"In addition to satisfying the four-part test, evidence of other crimes must also satisfy the Rule 403 balancing test—its probative value must not be substantially outweighed by the danger of unfair prejudice." <u>U.S. v. Montgomery</u>, 150 F.3d 983, 1000-01 (9th Cir. 1998); Fed. R. Evid. 403. The probative value is measured by its tendency to make the existence of Defendant's knowledge or intent more probable than it would be without the evidence. <u>See</u> <u>U.S. v. Ramirez-Jiminez</u>, 967 F.2d 1321, 1326 -1327 (9th Cir. 1992) (citing Fed.R.Evid. 401). "The unfair prejudice is measured by the extent to which the testimony makes conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." <u>Id.</u> (citation and quotation omitted).

**ANALYSIS**

**I.    Timeliness of Defendants' Responses**

As a preliminary matter, the Court finds that Defendants

8

Foster and Garcia have timely responded to the Government's Notice of Intent to Use 404(b) Evidence.

II.  **Government's Notice of Intent to Use 404(b) Evidence as to Defendant Foster regarding prior controlled drug purchases (ECF No. 135) and Defendant Foster's Motion to Limine to Exclude evidence regarding prior controlled drug purchases (ECF No. 133)**

The Government seeks to introduce evidence of two controlled drug purchases between a confidential informant and Defendant Foster in its case in chief.

In the Superceding Indictment, Defendants Foster and Garcia are charged with, among other things, knowingly and intentionally possessing, with the intent to distribute, cocaine and methamphetamine.  According to the Government, Counts 1 through 3 of the Superceding Indictment are based on evidence found during the execution of a state search warrant.  The state search warrant was executed on February 14, 2013.  The state search warrant was based on two controlled purchases of cocaine that occurred between a confidential informant ("CI") and Defendant Charles Foster at Foster's residence located at 2016 Waiola, Street, Apt. F, Honolulu Hawaii.  The Government seeks to introduce evidence of the two controlled drug purchases between the CI and Defendant Foster.

According to the Government, the CI knew Defendant Foster for several years and had purchased cocaine from Foster at

Foster's residence for several years.

In February 2013, the CI engaged Foster in two controlled purchases of cocaine. The first controlled purchase occurred on February 5, 2013. During that purchase, the CI purchased approximately one ounce of cocaine from Defendant Foster at his residence. The second controlled purchase occurred on February 11, 2013. During that purchase, the CI again purchased approximately one ounce of cocaine from Defendant Foster at his residence.

In order to prove the conduct charged in the Superceding Indictment, the Government must establish, among other things, that Defendant Foster knowingly and intentionally possessed a controlled substance, and possessed it with the intent to distribute it to another person.

This case involves drugs found during the execution of a search warrant. Because the drugs were found during the execution of a search warrant, the Government needs to establish that Defendant did not merely possess the drugs by accident or mistake.

The Government seeks to introduce evidence of Defendant Foster's prior conduct of distributing drugs to show his knowledge and intent and to show that the drugs were not in his possession by accident or mistake.

A.    **Defendant Foster's Motion to Limine to Exclude Rule 404(b) Evidence (ECF No. 133)**

Defendant Foster has filed a motion in limine to exclude evidence of the two controlled drug purchases between the CI and Defendant Foster. (ECF No. 133.) Defendant Foster argues that the controlled drug purchases constitute evidence that is extrinsic to the charges against Foster in the Superceding Indictment. Defendant Foster also argues that the Government is seeking to introduce the evidence for the impermissible purpose of proving Defendant Foster's character in order to show action in conformity therewith.

### B. Defendant Foster's Prior Conduct of Distributing Drugs under FRE 404(b) is Admissible

The Court applies the four part test under Fed. R. Evid. 404(b), and the balancing test under Fed. R. Evid. 403, and finds that the evidence of the two controlled drug purchases between the CI and Defendant Foster is **ADMISSIBLE**.

### 1. The Evidence Tends to Prove a Material Point

The first consideration under Fed. R. Evid. 404(b) is whether the evidence of the prior bad acts tends to prove a material point. In this case, a material point the Government must prove is that Defendant Foster possessed cocaine and methamphetamine with the intent to distribute. See U.S. v. Arambula-Ruiz, 987 F.2d 599, 603 (9th Cir. 1993 ("Knowledge is a material element of the crime of possessing heroin with intent to

distribute" and "of the crime of conspiring to possess heroin with intent to distribute"). The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics." United States v. Vo, 413 F.3d 1010, 1018 (9th Cir.2005) (quoting United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982)).

The Government seeks to introduce evidence that Defendant knowingly distributed cocaine several days prior to the execution of the search warrant. Such conduct was the basis for the search warrant. The evidence goes to a material point: Defendant's knowledge and intent regarding the charged offenses. See U.S. v. Lozano, 623 F.3d 1055, 1059-60 (9th Cir. 2010) ("evidence of Lozano's prior possession or sale of narcotics was material to issues of knowledge and intent with respect to drug distribution.").

## 2. Defendant's Prior Acts Are Not Too Remote in Time

The second consideration under Fed. R. Evid. 404(b) is whether the evidence of prior bad acts is too remote in time. Defendant's prior acts of distributing illegal drugs occurred within the two weeks prior to execution of the search warrant. The time between the prior bad acts and the current charges is

not remote. <u>See</u> <u>Lozano</u>, 623 F.3d at 1059-1060 (evidence was "not too remote in time because the search occurred merely eight months before the charged offense and the marijuana grow pictures dated merely three years before the offense.")

### 3. There is Sufficient Evidence that Defendant Committed the Prior Acts

The third consideration under Fed. R. Evid. 404(b) is whether there is sufficient evidence of the prior bad acts. The details of Defendant's prior bad acts are described in the search warrant affidavit that formed the basis for the search warrant executed on February 14, 2013. According to the Government, the search warrant described controlled drug purchases between Defendant Foster and the CI. The facts described in the search warrant affidavit are the same facts that the Government seeks to introduce as evidence in this case. <u>See Huddleston v. United States</u>, 485 U.S. 681, 689 (1987) (Special Agent's testimony was sufficient to allow the jury to "reasonably conclude that the act occurred and that the defendant was the actor.") There is sufficient evidence that Defendant committed the prior acts of distributing illegal drugs.

### 4. Defendant's Prior Acts Are Similar to the Offenses Charged

The fourth consideration under Fed. R. Evid. 404(b) is whether Defendant's prior acts are similar to the offenses charged. The similarity requirement is relaxed when the prior

bad acts are offered to prove knowledge. "When offered to prove knowledge, . . . the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." <u>U.S. v. Ramirez-Jiminez</u>, 967 F.2d 1321, 1326 (9th Cir. 1992) (citing Fed. R. Evid. 401 (definition of "Relevant Evidence")).

Here, Defendant's prior acts of distributing cocaine not only tend to make the existence of Defendant's knowledge more probable than it would be without the evidence, but the acts are, in fact, nearly identical to the conduct with which Defendant is charged. In Count 2 of the Superceding Indictment, Defendant is charged with possession with intent to distribute cocaine. Defendant's acts of distributing cocaine within the two weeks prior to execution of the search warrant are nearly identical to the offenses charged.

The Government has satisfied the four part test for the admissibility of other acts under Rule 404(b).

**B.    Application of the Fed. R. Evid. 403 Balancing Test**

The court must also apply the balancing test under Fed. R. Evid. 403 and determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice.

The evidence is highly probative as it tends to make the existence of Defendant's knowledge of, and intent regarding, the

distribution of illegal drugs more probable than it would be without the evidence.  The prior acts are similar to the charged offenses and occurred close in time to the charged offenses.  The evidence of Defendant's prior drug distribution is not unduly prejudicial.  It is not the sort of conduct which would provoke a strong and unfairly prejudicial emotional response from the jury. It is prejudicial only to the extent that it tends to prove the fact justifying its admission, namely that Defendant had knowledge regarding the distribution of illegal drugs.

The Court finds that the probative value of the evidence concerning Defendant's prior distribution of drugs is not substantially outweighed by the danger of unfair prejudice.

The Government may introduce evidence of the two prior controlled drug purchases that were the basis for the state court search warrant.  The Court will give an appropriate instruction limiting the purpose for which the jury can consider Defendant Foster's prior bad acts. See Lozano, 623 F.3d at 1060 (9th 2010)("the evidence of prior drug distribution is clearly probative of Lozano's intent and knowledge, and prejudice was limited by a cautionary instruction.").

The Court finds that the evidence of the two controlled drug purchases between the CI and Defendant Foster is **ADMISSIBLE** in the Government's case in chief.  The Court will give an appropriate limiting instruction.  Defendant Charles H. Foster's

Motion to Limine to Exclude Rule 404(b) Evidence (ECF No. 133) is
**DENIED**.

### III. <u>Government's Notice of Intent to Use 404(b) Evidence as to Defendant Foster regarding prior conviction (ECF No. 82)</u>

On February 2, 2007, Defendant Foster was convicted, by a
jury, in the case of <u>State of Hawaii v. Charles H. Foster</u>, Cr.
No. 06-1-0500, of knowingly distributing cocaine committing the
offense of Promoting a Dangerous Drug in the Second Degree, in
violation of Section 712-1242(1)(c) of the Hawaii Revised
Statutes.

The Government seeks to introduce evidence of Defendant
Foster's prior act of distributing illegal drugs and his
conviction for knowingly distributing a dangerous drug in its
case in chief.  The Government contends that this evidence is
highly probative of Defendant's knowledge and intent.

The Ninth Circuit has "consistently held that evidence of a
defendant's prior possession or sale of narcotics is relevant
under Rule 404(b) to issues of intent, knowledge, motive,
opportunity, and absence of mistake or accident in prosecutions
for possession of, importation of, and intent to distribute
narcotics." <u>United States v. Vo</u>, 413 F.3d 1010, 1018 (9th Cir.
2005) (quoting <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 832
(9th Cir. 1982)).

There is ample case authority supporting the admission of

Defendant's prior conviction for the knowing distribution of cocaine. See Vo, 413 F.3d at 1018.  The Government has satisfied its burden for admitting Defendant Foster's prior act of knowingly distributing cocaine and his February 2, 2007 conviction under Rule 404(b).  The evidence tends to prove a material point, it is similar to the offenses charged, and it is not too remote in time.

The Court further finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.  The evidence is probative because it tends to make the existence of Defendant's knowledge of illegal drugs more probable than it would be without the evidence.  Defendant is not unfairly prejudice by the evidence.

The Court finds that Defendant Foster's prior act of knowingly distributing cocaine and his related February 2, 2007 conviction for the offense of Promoting a Dangerous Drug in the Second Degree in violation of Section 712-1242(c) of the Hawaii Revised Statutes are **ADMISSIBLE** in the Government's case in chief.  The Court will give the appropriate limiting instruction.

IV. **Government's Notice of Intent to Use 404(b) Evidence as to Defendant Garcia regarding prior conviction (ECF No. 83)**

On December 22, 2004, Defendant John Garcia, IV, was

convicted, by pleading guilty, in the case of <u>State of Hawaii v.</u>
<u>John Garcia</u>, Cr. No. 03-1-2050, of knowingly possessing the
dangerous drug methamphetamine, committing the offense of
Promoting a Dangerous Drug in the Third Degree, in violation of
Section 712-1243 of the Hawaii Revised Statutes.

On September 13, 2003, a police officer with the Honolulu
Police Department was sent via dispatch to a disturbance in
Waikiki. (ECF No. 83.) At the scene, the police officer
observed a glass pipe with residue in Defendant's pocket. A
laboratory analysis revealed that the pipe contained
methamphetamine. (<u>Id</u>.)

The Government contends that Defendant Garcia's prior act of
knowingly possessing methamphetamine and his conviction for the
offense of Promoting a Dangerous Drug in the Third Degree are
admissible at trial in its case in chief. The Government
contends that this evidence is highly probative of Defendant's
knowledge and intent.

The Ninth Circuit has "consistently held that evidence of a
defendant's prior possession or sale of narcotics is relevant
under Rule 404(b) to issues of intent, knowledge, motive,
opportunity, and absence of mistake or accident in prosecutions
for possession of, importation of, and intent to distribute
narcotics." <u>United States v. Vo</u>, 413 F.3d 1010, 1018 (9th
Cir.2005) (quoting <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 832

(9th Cir.1982)).

There is ample case authority supporting the admission of Defendant's prior conviction for the knowing possession of methamphetamine and of related drug paraphernalia. See Vo, 413 F.3d at 1018; United States v. Howell, 231 F.3d 615, 628 (9th Cir. 2000) (prior conviction for possession with intent to deliver cocaine admissible to show defendant's knowledge that substance was a narcotic in prosecution for possession with intent to distribute cocaine).

Defendant Garcia objects on the grounds that it is a ten year old conviction for possession, not for the sale of narcotics. (ECF No. 133.)

Regarding the age of the conviction, the Court looks to Fed. R. Evid. 609(b) for guidance. Fed. R. Evid. 609(b) limits the use of evidence of a criminal conviction for impeachment purposes if more than ten years have passed since the witness' conviction or release from confinement. In this case, Defendant Garcia was sentenced to 5 years. Less than 10 years have passed since Defendant Garcia's release from confinement for his 2004 conviction. The 2004 conviction is not too remote in time.

Defendant argues that possession is not similar to the charged offense of the distribution of illegal narcotics. Possession of an illegal drug is sufficiently similar to the charged conduct of possessing an illegal drug with intent to

19

distribute.  See United States v. Serrano, No. 07-10555, 313
Fed.Appx. 10, 13, 2008 WL 3853449, at *2 (9th Cir. Aug. 15, 2008)
(probative value of extraneous offense or collateral crimes
evidence of defendant's prior conviction for possession of crack
cocaine was not substantially outweighed by danger of unfair
prejudice, in prosecution for possession of cocaine with an
intent to distribute).

    The Government has satisfied its burden as to all factors
for the admissibility of other act evidence under Rule 404(b).
Defendant Garcia's prior conviction, including underlying conduct
tends to prove a material point, is similar to the offenses
charged, and is not too remote in time.

    The Court further finds that the probative value of the
evidence is not substantially outweighed by the danger of unfair
prejudice.  The evidence is probative because it tends to make
the existence of Defendant's knowledge of illegal drugs more
probable than it would be without the evidence.  Defendant is not
unfairly prejudiced by the evidence.

     The Court finds that Defendant Garcia's prior act of
knowingly possessing methamphetamine and his related December 22,
2004 conviction for Promoting a Dangerous Drug in the Third
Degree in violation of Section 712-1243 of the Hawaii Revised
Statutes are **ADMISSIBLE** in the Government's case in chief.   The
Government is limited to presenting a certified copy of the

judgment of conviction and to having a police officer testify solely to identify Defendant as the person convicted of the offense.  The Court will give an appropriate limiting instruction.


**V.** **Admissibility of acts that occurred subsequent to Defendant Foster's arrest and release from custody described on pages 8-9 of the Government's Trial Brief (ECF No. 135)**

The Government claims it should be allowed to provide evidence as follows:  A few weeks after Foster was released from custody, co-conspirator Nguyen got a phone call from Defendant Foster at her place of employment.  Foster asked Nguyen to meet him at a hotel in Waikiki.  Nguyen met Foster at the hotel. Nguyen paid Foster $4,000.  Foster told Nguyen he was trying to retain Myles Breiner as his attorney. Later that night, Foster met Nguyen at a Tesoro gas station. Foster gave Nguyen two ounces of cocaine to sell. Nguyen sold the two ounces that night and met Foster at the same hotel the following day. Nguyen gave Foster $2,800.  Nguyen was to be resupplied with drugs, but Nguyen never saw Foster again.

The Government has described this evidence in its trial brief filed on November 10, 2014.  Defendant has had reasonable notice of it.

The evidence which the Government intends to introduce is subsequent act evidence.  "[S]ubsequent act evidence may be

considered under Rule 404(b)". <u>United States v. Bibo-Rodriguez</u>, 922 F.2d 1398, 1400-01 (9th Cir. 1991); <u>United States v. Bradshaw</u>, 690 F.2d 704, 709 (9th Cir. 1982) (upholding district court's admission of conduct which occurred after charged offense). In addition, the phrase "crime, wrong, or other act" used in Fed. R. Evid. 404(b) includes conduct that is neither criminal nor unlawful if it is relevant to a consequential fact. <u>See</u> WEINSTEIN'S FEDERAL EVIDENCE § 4.4020[2][a].

The Government has satisfied its burden of showing that all four prongs of the Rule 404(b) test to determine the admissibility of other act evidence are satisfied. The allegations of Defendant Foster's post-arrest conduct of distributing drugs is relevant to the crimes charged. The conduct would tend to prove his knowledge and intent which are material elements of the crimes charged. The post-arrest conduct is also relevant to the conspiracy charged in Count 4 of the Superceding Indictment. The acts are not remote in time, but rather occurred, a few months after his arrest for the conduct charged in this case. The evidence is based on testimony of a co-conspirator. Nguyen's testimony is a sufficient manner of entering the evidence. At trial, defense counsel will have an opportunity to cross-examine her regarding the veracity of her testimony. The alleged acts are nearly identical to the crimes charged.

The evidence also satisfies the Rule 403 balancing test. The Court finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

The subsequent act evidence as to Defendant Foster, described on pages 8-9 of the Government's Trial Brief, is **ADMISSIBLE** in the Government's case in chief. The Court will give the appropriate limiting instruction.

<u>**CONCLUSION**</u>

(1) **Government's Notice of Intent to Use 404(b) Evidence as to Defendant Foster regarding prior controlled drug purchases (ECF No. 135.)** The Court finds that the evidence of the two controlled drug purchases between the confidential informant and Defendant Foster that occurred a few weeks prior to Defendant Foster's arrest is **ADMISSIBLE** in the Government's case in chief. The Court will give an appropriate limiting instruction.

(2) Defendant Charles H. Foster's Motion to Limine to Exclude Rule 404(b) Evidence (ECF No. 133) as to the two controlled drug purchases between the confidential informant and Defendant Foster that occurred a few weeks prior to Defendant Foster's arrest is **DENIED.**

(3) **Government's Notice of Intent to Use 404(b) Evidence as to Defendant Foster regarding prior conviction (ECF No. 82.)**

   The Court finds that Defendant Foster's prior act of knowingly distributing cocaine and his related February 2, 2007 conviction for Promoting a Dangerous Drug in the Second Degree in violation of Section 712-1242(c) of the Hawaii Revised States are **ADMISSIBLE** in the Government's case in chief. The Court will give the appropriate limiting instruction.

(4) **Government's Notice of Intent to Use 404(b) Evidence as to Defendant Garcia regarding prior conviction (ECF No. 83.)**

   The Court finds that Defendant Garcia's prior act of knowingly possessing methamphetamine and his related December 22, 2004 conviction for Promoting a Dangerous Drug in the Third Degree in violation of Section 712-1243 of the Hawaii Revised Statutes are **ADMISSIBLE** in the Government's case in chief. The Government is limited to presenting a certified copy of the judgment of conviction and to having a police officer testify solely to identify Defendant as the person convicted of the offense. The Court will give an appropriate limiting instruction.

(5) **Admissibility of acts that occurred subsequent to Defendant Foster's arrest and release from custody described on pages 8-9 of the Government's Trial Brief (ECF No. 135.)**  The subsequent act evidence as to Defendant Foster, described on pages 8-9 of the Government's Trial Brief, of illegal drug sales that occurred a few weeks after his release from custody is **ADMISSIBLE** in the Government's case in chief. The Court will give the appropriate limiting instruction.


IT IS SO ORDERED.

Dated: December 8, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

---

<u>United States v. Foster et al.</u>; Cr. No. 13-00219 HG; **ORDER RULING ON ADMISSIBILITY OF RULE 404(b) EVIDENCE AT TRIAL AND DENYING DEFENDANT FOSTER'S MOTION IN LIMINE (ECF No. 133)**